AO 106 (Rev. 01/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia



FILED
FEB 2 1 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>(1) Alcatel, One Touch, Model 7040N Cellular phone,<br>IMEI: 014316004223883, FCC ID: RAD 475 | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:18SW38 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Eastern_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18/21__ U.S.C. § __922(g)/841(a)__ , and the application is based on these facts:  See Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Todd Fleming, ATF Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/21/2018

City and state: Richmond, VA

/s/ _____
Roderick C. Young
United States Magistrate Judge
*Judge's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| IN THE MATTER OF THE SEARCH OF (1) one Alcatel, One Touch, Model 7040N Cellular phone, IMEI: 014316004223883, FCC ID: RAD 475; (2) one Cool Pad, Model: Cool Pad 3632A Cellular phone, IMEI: 862429031521790; FCC ID: R38YL3632A | Case No. 3:18SW 37 3:18 SW 38 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Special Agent Todd Fleming being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I, Todd Fleming have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco and Firearms (ATF) since February 2005.  I am currently assigned to the Richmond I field office.  As a SA with ATF, I am primarily responsible for conducting criminal investigations that concern the enforcement of our nation's federal firearm laws.  I have previous law enforcement experience as a Special Agent and Trooper with the Virginia State Police, as well as a police officer with the police department in Big Stone Gap, Virginia.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  The

1

information provided is based upon my personal knowledge, or that of other sworn law enforcement officers participating in this investigation.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4.      The property to be searched are (1) one Alcatel, One Touch, Model 7040N Cellular phone, IMEI: 014316004223883, FCC ID: RAD 475, (SUBJECT DEVICE 1); (2)  one Cool Pad, Model: Cool Pad 3632A Cellular phone, IMEI: 862429031521790; FCC ID: R38YL3632A (SUBJECT DEVICE 2) or (collectively SUBJECT DEVICES).

5.      The applied-for warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

## RELEVANT STATUTORY PROVISIONS

6.      **Possession of a Firearm by a Previously Convicted Felon**:  18 U.S.C. § 922(g) (1) provides that it is a crime to possess a firearm as a convicted felon.

7.      **Possession with Intent to Distribute Cocaine**:  21 U.S.C. § 841 (a) (1) provides that it is a crime to possess with the intent to distribute a Schedule II drug.

8.      **Possession of a Firearm in Furtherance of a Drug Trafficking Crime:** 18 U.S.C. § 924(c) provides that is a crime to possess a firearm in furtherance of a drug trafficking crime.

## TECHNICAL TERMS

9.      Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.   **Wireless telephone**:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication

2

through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. **Digital camera**:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

3

c.   **Portable media player**:  A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files.  However, a portable media player can also store other digital data.  Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can also store any digital data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.   **IP Address**: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e.   **Internet**: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

4

10.      Based on my training, experience, and research, I know the SUBJECT DEVICES have capabilities that allow them to serve as a wireless telephone, digital camera, portable music/media player, and send emails.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## PROBABLE CAUSE

11.      Kevin Lamar GODETTE was wanted by both the Colonial Heights Police Department and the Petersburg Bureau of Police for several probation violations.  The U.S. Marshal's Fugitive Task Force set out to locate and arrest GODETTE.

12.      On December 20, 2017, members of the U.S. Marshal's Fugitive Task Force observed GODETTE exit a residence in Colonial Heights while carrying a backpack. GODETTE put the backpack into the right rear seat of a vehicle and then got into the driver's seat.  GODETTE was the only occupant of the vehicle.  The task force tried to conduct a vehicle stop, but GODETTE fled and a pursuit followed.  At one point, in an effort to escape, GODETTE backed into a utility pole guide wire, then drove forward around Detective Karr's vehicle.  GODETTE drove away at a high rate of speed with task force members in pursuit.

13.      The pursuit left Colonial Heights and entered into the City of Petersburg where GODETTE ultimately crashed and fled the scene on foot.  After a foot chase, GODETTE was arrested a short time later in a wooded area nearby.

14.      Search incident to arrest of GODETTE revealed $97.00 and a dollar bill in a pharmaceutical fold that contained an off-white powdery substance in GODETTE's pants pocket.  In another pocket was a white pill container which had two knotted baggies

5

containing a white powdery substance and three peach colored pills. He also had $70.00
in that pocket. SUBJECT DEVICE 2 was found in GODETTE's coat pocket. The white
powdery substances recovered had the color, texture, shape, and packaging that was
consistent with cocaine hydrochloride, a schedule II controlled substance.

15.     A search of the vehicle revealed SUBJECT DEVICE 1 in the driver's door pocket.
On the vehicle's back seat officers recovered the backpack previously possessed by
GODETTE. In the backpack were two semi-automatic pistols: (1) an American Tactical,
1911, .45 caliber semiautomatic pistol, bearing serial number ML111299, loaded with 7
rounds of ammunition in the magazine; and (2) a Hi-point, C9, 9mm semiautomatic
pistol, bearing serial number P1935894, loaded with 6 rounds of ammunition in the
magazine.

16.     A criminal record check for GODETTE revealed at the time of his arrest he was
an eight time convicted felon. He had two prior felony convictions for possession of
cocaine and a felony conviction Possess of a Schedule I or II Controlled Substance with
intent to distribute.

17.     In my training and experience, I know that drug traffickers frequently use
cellphones to set up drug transactions, store the contact information for buyers and
suppliers, store balance sheets to keep track of drug trafficking activities, communicate
with other known drug traffickers or customers, and send or store images documenting
their firearm or drug ownership, among other things. Based on the presence of the
SUBJECT DEVICES in GODETTE's possession during the course of his arrest in
proximity to illegal narcotics and drug paraphernalia, probable cause exists for the search
of the SUBJECT DEVICES.

6

18.        The SUBJECT DEVICES are currently in the lawful possession of the Colonial

Heights Police Department (CHPD) and stored securely at the CHPD Property and

Evidence Vault, located at 100 Highland Avenue, Colonial Heights, Virginia.  They came

into the CHPD's possession as described above as seized during the course of

GODETTE's arrest.  In my training and experience, I know that the SUBJECT

DEVICES have been stored in a manner in which their contents are, to the extent material

to this investigation, in substantially the same state as they were when the SUBJECT

DEVICES first came into the possession of the CHPD.


## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can

store information for long periods of time.  Similarly, things that have been viewed via

the Internet are typically stored for some period of time on the device.  This information

can sometimes be recovered with forensics tools.

20. *Forensic evidence.*  As further described in Attachment B, this application seeks

permission to locate not only electronically stored information that might serve as direct

evidence of the crimes described on the warrant, but also forensic evidence that

establishes how the SUBJECT DEVICES were used, the purpose of its use, who used it,

and when.  There is probable cause to believe that this forensic electronic evidence might

be on the SUBJECT DEVICES because:

   a.  Data on the storage medium can provide evidence of a file that was once on the

       storage medium but has since been deleted or edited, or of a deleted portion of a

       file (such as a paragraph that has been deleted from a word processing file).

7

b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT DEVICES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium,

that might expose many parts of the SUBJECT DEVICES to human inspection in order to determine whether it is evidence described by the warrant.

22. *Manner of execution.*  Because this warrant seeks only permission to examine the SUBJECT DEVICES already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

23. Moreover, the Government will file a written pleading in this case within one hundred twenty (120) days after the execution of the search warrant notifying the court that the imaging process of digital evidence seized from the target location is complete, and the forensic analysis of computers and media has begun.  Such notice will include confirmation that written notice has been provided to the defendant or his counsel informing the defendant that the forensic examination of evidence seized from him has actually begun.  Such notice to the defendant and the Court is not intended to mean, and should not be construed to mean, that the forensic analysis is complete, or that a written report detailing the results of the examination to date will be filed with the Court or provided to the defendant or his counsel.  This notice does not create, and is not meant to create, additional discovery rights for the defendant.  Rather, the sole purpose of this notice is to notify the defendant that, beyond the simple seizure of his property, a forensic search of that property has actually begun.

## CONCLUSION

24. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICES described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Todd Fleming
Special Agent
ATF

Subscribed and sworn to before me on February 21 2018

/s/
Roderick C. Young
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

10

/s/
Roderick C. Young
United States Magistrate Judge

## ATTACHMENT A

1.      The property to be searched is (1) Alcatel, One Touch, Model 7040N Cellular phone, IMEI: 014316004223883, FCC ID: RAD 475 (SUBJECT DEVICE 1); and (2) one  Cool Pad, Model: Cool Pad 3632A Cellular phone, IMEI: 862429031521790; FCC ID: R38YL3632A (SUBJECT DEVICE 2) or (collectively SUBJECT DEVICES).  Currently the SUBJECT DEVICES are located at the Colonial Heights Police Department Property and Evidence Vault located at 100 Highland Avenue, Colonial Heights, Virginia.

      This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the SUBJECT DEVICES described in Attachment A that relate to

violation of 18 U.S.C. §§ 922(g)(1), 924(c) and 21 U.S.C. § 841 (a) (1), including:

     a.   contact lists;

     b.   call records;

     c.   call history;

     d.   any information related to the purchase and/or possession of firearms or narcotics;

     e.   photographs;

     f.   text messages;

     g.   web browser history;

     h.   Balance sheets.

2.      Evidence of user attribution showing who used or owned the SUBJECT

DEVICES at the time the things described in this warrant occurred, such as logs, phonebooks,

saved usernames and passwords, documents, browsing history, all usage and transaction history.

1